E-FILED
Monday, 30 December, 2024  10:25:45 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TASHEKA D. GOODWIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-3081 |
| | ) | |
| DECATUR EARTHMOVER CREDIT | ) | |
| UNION, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Decatur Earthmover Credit Union's Motion to Dismiss [Doc. 9].

## I.     BACKGROUND

On April 9, 2024, Plaintiff Tasheka Goodwin filed a pro se complaint asserting claims against Defendant Decatur Earthmover Credit Union. (Doc. 1) The complaint also lists Christine Wilbur, Tiffani Reeves, and Olivia Lowery as Defendants. However, Plaintiff issued summons only as to Decatur Earthmover Credit Union, which was served on May 30, 2024. Plaintiff's complaint appears to allege claims for fraud and for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

On January 10, 2023, Plaintiff filed a complaint in the Circuit Court of Macon County against the same parties alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, which was pending at the time of Defendant's Motion

to Dismiss.[1] Defendant seeks dismissal under the *Colorado River* abstention doctrine. Plaintiff filed a response in opposition to Defendant's motion.

## II.    DISCUSSION

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Id.* To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

---

[1] Attached to Defendant's motion to dismiss is Plaintiff's state court complaint. (Doc. 9-1). In considering a motion to dismiss under Rule 12(b)(6), courts may consider "documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williams v. Curran*, 714 F.3d 432, 436 (7th Cir. 2023). The Court will consider Plaintiff's Macon County complaint on the basis it is subject to judicial notice.

The United States Supreme Court has held that a federal court in certain circumstances may stay or dismiss a lawsuit when Plaintiff is also pursuing a concurrent state court case. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19 (1976). Abstention "is the exception, not the rule." *Id.* at 813. *Colorado River* abstention is appropriate in those exceptional circumstances when it would promote "wise judicial administration." *Antosh v. Village of Mount Pleasant*, 99 F.4th 989, 993 (7th Cir. 2024) (citation omitted). When considering the applicability of the doctrine, courts should be mindful of "prudential principles" such as "the interest in conserving judicial resources, the desirability of avoiding supplicative litigation and the risk of conflicting rulings, and the benefits of promoting a comprehensive disposition of the parties' dispute in a single judicial forum." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 526 (7th Cir. 2021).

A court employs a two-step inquiry in determining whether *Colorado River* abstention is appropriate, first asking whether the two actions are parallel and, if so, "whether the necessary exceptional circumstances exist to support a stay or dismissal." *Antosh*, 99 F.4th at 993. The Seventh Circuit has identified the following non-exclusive factors for courts to consider in determining whether there are exceptional circumstances: (1) whether the state has assumed jurisdiction over any property at issue; (2) the inconvenience of the federal forum; (3) the desirability of consolidating litigation in a single forum; (4) the order in which jurisdiction was obtained in the two courts; (5) whether the governing law is federal or state; (6) adequacy of the state-court action to protect any federal rights; (7) the relative progress of the state and federal proceedings;

(8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) whether the federal action is vexatious or contrived. This extensive list of factors "is designed to be helpful, not a straitjacket. Different considerations may be more pertinent to some cases, and one or more of these factors will be irrelevant in other cases." *Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 647 (7th Cir. 2021). The abstention inquiry is a flexible one and courts are not precluded from considering a particular characteristic that may be present in the case before it. *Driftless*, 16 F.4th at 526-27.

It is apparent that the state court action is parallel to this case. Two suits are considered parallel "when substantially the same parties are contemporaneously litigating the same issues in another forum." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). "Formal symmetry is unnecessary, as long as there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477-78 (7th Cir. 2020) (internal quotation marks and citation omitted). The allegations in Plaintiff's state court complaint and federal complaint are almost identical and the parties in the two cases are identical. Plaintiff seeks contract rescission relief in both cases. Both claims relate to a loan from Defendant to Plaintiff for financing the purchase of a vehicle. The Court finds the lawsuits are parallel in that they involve the same set of facts against the identical party and seek the same relief.

In considering the applicable factors to determine whether abstention is appropriate, the State has not assumed jurisdiction over any property and there is no indication that the federal forum is inconvenient. The third factor concerns the

desirability of avoiding piecemeal litigation and thus weighs strongly in favor of abstention. The fourth factor also weighs in favor of abstention because the state court obtained jurisdiction of the case on January 10, 2023, more than one year before Plaintiff filed her federal complaint on April 9, 2024.

The fifth factor which concerns the governing law also favors abstention. While Plaintiff's Macon County claim cited Illinois law as the basis for the alleged violation, Plaintiff here cites various federal regulations and statutes as the basis for the alleged violation. Both cases concern alleged fraudulent and deceptive conduct on Defendant's part. Plaintiff alleges state court is inadequate to pursue her federal claims. As Defendant notes, however, Plaintiff can pursue all her claims in the state court action. Thus, the sixth factor concerning the adequacy of the state court action to protect the federal Plaintiff's rights also favors abstention.

The seventh and eighth factors favor abstention as the circuit court was Plaintiff's initial choice as a forum and is available to exercise jurisdiction. As for the ninth factor, while Plaintiff cannot remove the state action to federal court because it is governed by state law and the parties are not of diverse citizenship, Plaintiff could have asserted federal claims in the original action, which would have made it eligible for removal. Thus, the availability of removal had Plaintiff included her federal claims in the original action also favors abstention.

The last factor involves whether the action is vexatious or contrived. Defendant states that, after Plaintiff's attorney in the Macon County action withdrew, she may have been unhappy with the status of the case, which led her to file this action under federal

law. At the time of Defendant's motion to dismiss in this case, the state action was pending and awaiting action by Plaintiff.

Upon balancing the relevant factors, the Court concludes that most of the factors favor abstention for the reasons stated herein. In particular, "the interest in conserving judicial resources, the desirability of avoiding supplicative litigation and the risk of conflicting rulings, and the benefits of promoting a comprehensive disposition of the parties' dispute in a single judicial forum," *see Driftless*, 16 F.4th at 526, weigh in favor of abstention, given Plaintiff's initial choice of forum and the circuit court's ability to consider all claims.

Therefore, Defendant Decatur Earthmover Credit Union's Motion to Dismiss [Doc. 9] is GRANTED. This case is Dismissed without Prejudice. The Clerk will enter judgment and terminate this case.

ENTER: December 30, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE